# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE LEE HILL | CIVIL ACTION |
| VERSUS | NO. 08-5233 |
| SHERIFF JACK STEPHENS, ET AL. | SECTION "A" (1) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Shane Lee Hill, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983 against St. Bernard Parish Sheriff Jack Stephens, Warden Mowers, Captain Buras, Plaquemines Parish Sheriff I.F. Hingle, and Warden Orbon Tinson. Plaintiff claims that he has not been given access to an adequate law library or allowed to receive books by mail while incarcerated at the St. Bernard Parish Prison.

On March 12, 2009, the Court conducted a Spears hearing.[1] Based on the complaint and the testimony at that hearing, the Court finds that plaintiff is making the following allegations in this proceeding.

Plaintiff was arrested in Plaquemines Parish in June of 2007. For the first thirteen months of his detention, he was housed at the Jefferson Parish Correctional Center under the direct

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

supervision of employees of the Plaquemines Parish Sheriff's Office. After he complained about his lack of access to legal materials, Plaquemines Parish officials made arrangements for their prisoners, including plaintiff, to use the Jefferson Parish Correctional Center's law library.

However, plaintiff was subsequently transferred to the St. Bernard Parish Prison on July 22, 2008. He alleges that, unlike the Jefferson Parish Correctional Center, the St. Bernard Parish Prison does not have an adequate law library. He states that the St. Bernard Parish Prison's legal materials on criminal law are insufficient and that legal materials on civil matters, such as state tort law and child support, are nonexistent. He further alleges that the St. Bernard Parish Prison has a policy which prohibits inmates from receiving books by mail. He believes that books he ordered were delivered to the prison but are being stored in the property room.

Plaintiff states that Plaquemines Parish inmates housed at the St. Bernard Parish Prison are under the direct supervision of employees of the St. Bernard Parish Sheriff's Office, not the Plaquemines Parish Sheriff's Office.

Regarding the status of his state criminal proceeding, plaintiff states that he is still awaiting trial and has been appointed counsel in that proceeding.

### Defendants Hingle and Tinson

The Plaquemines Parish defendants, Hingle and Tinson, have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[2] Plaintiff has opposed that motion.[3]

---

[2] Rec. Doc. 18.

[3] Rec. Doc. 22.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion,

> [t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S.Ct. 1230 and 1231 (2008).

At the Spears hearing, plaintiff stated that his claims against Hingle and Tinson are equal protection claims. Specifically, his claims are based on an allegation that Plaquemines Parish prisoners housed in the St. Bernard Parish Prison, such as himself, are not allowed to receive books by mail whereas such prisoners housed in other facilities are not subject to a similar restriction. Presumably, his claims are also based on a contention that Plaquemines Parish prisoners housed in other facilities have access to better law libraries.

To state an equal protection claim, a plaintiff's allegations must have two prongs: (1) "that he received treatment different from that received by similarly situated individuals" and

(2) "that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). In this case, plaintiff's allegations are insufficient to meet either prong.

As to the first prong, plaintiff claims that he is subject to restrictions and deprivations at the St. Bernard Parish Prison not imposed on Plaquemines Parish prisoners housed at *other facilities*. However, that is not the relevant comparison, because prisoners at different facilities are not "similarly situated" for equal-protection purposes. See Treece v. Andrews, No. 05-30895, 2006 WL 2686676, at *1 (5th Cir. Sept. 20, 2006); Woods v. Collins, No. 95-10432, 1995 WL 581879, at *2 (5th Cir. Sept. 21, 1995); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Clark v. Foti, No. 94-30615, 1995 WL 136127, at *2 (5th Cir. Mar. 8, 1995); Hymel v. Champagne, No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007); Santos v. Louisiana Department of Corrections Secretary, Civ. Action No. 95-4215, 1996 WL 89260, at *5 (E.D. La. Feb. 28, 1996). Plaintiff does not allege that he is treated differently than those individuals with whom he is "similarly situated," i.e. the other inmates at the St. Bernard Parish Prison. On the contrary, he acknowledges that all inmates at that facility are subject to the same alleged restrictions and deprivations.

As to the second prong, "[d]iscriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of ... the adverse impact it would have on an identifiable group." United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992); see also Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff makes no allegation that he is a member of an identifiable group, much less that the different treatment in this case stemmed intent to discriminate against him based on his membership in that group. That

4

alone is fatal to his claim. See, e.g., Duhr v. Collins, No. 93-8169, 1994 WL 122213, at *3 (5th Cir. Mar. 24, 1994).

Accordingly, for both of the foregoing reasons, plaintiff's equal protection claims against Hingle and Tinson must be dismissed.

It appears that plaintiff is asserting against Hingle and Tinson *only* the equal protection claims, not claims that they are directly responsible for the alleged First Amendment violations at the St. Bernard Parish Jail. However, out of an abundance of caution, the Court notes that if plaintiff is in fact also asserting First Amendment claims against those defendants, those claims likewise fail. As plaintiff acknowledged at the Spears hearing, Plaquemines Parish inmates housed at the St. Bernard Parish Prison are under the direct supervision of employees of the St. Bernard Parish Sheriff's Office, *not* the Plaquemines Parish Sheriff's Office. Because plaintiff is not in the physical custody of Hingle and Tinson, and because they have no personal involvement in the alleged deprivations or the promulgation or enforcement of polices at the St. Bernard Parish Jail, they would not be appropriate defendants with respect to such claims. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Although plaintiff has stated that he believes it was his filing of "a couple of grievances" which led to him being transferred from the Jefferson Parish Correctional Center, it does not appear that he is asserting a separate retaliation claim. Nevertheless, if he does mean to assert such a claim against Hingle and Tinson, that claim is also subject to dismissal for the following reasons.

The United States Fifth Circuit Court of Appeals has noted that retaliation claims must be "'regarded with skepticism.'" See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)). Further, the Fifth Circuit has held:

> To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred.

McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) (internal quotation marks and ellipsis omitted).

Regarding the first prong of that inquiry, retaliation for the filing of grievances clearly implicates a specific constitutional right. "The law of this circuit is clearly established ... that a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." Woods, 60 F.3d at 1164.

That said, it was evident at the Spears hearing that plaintiff cannot establish that the defendants' actions in the instant case were motivated by a desire to retaliate against him for filing grievances. To support a retaliation claim, a prisoner must be able to either produce direct evidence of retaliatory motivation or show a chronology of events from which retaliation may plausibly be inferred. Id. at 1166. In the instant case, plaintiff has no direct evidence of the defendants' motivations. Further, he is unable to show that an inherently suspect chronology of events exists to support his retaliation claim. Even accepting as true plaintiff's allegation that he filed "a couple of grievances," the Court cannot infer that the subsequent transfer was in any way connected to that fact.

The Court notes that it is hardly an uncommon occurrence for prisoners to file administrative grievances, and there is no indication that there was anything particularly inflammatory about plaintiff's grievances to distinguish them from the veritable mountain of grievances filed by other prison inmates. A prisoner cannot convert a unfounded challenge to a facially valid transfer into an actionable constitutional claim simply by adding a barebones allegation that there was a retaliatory motive. Rather, prisoners must allege an adequate factual basis for such a claim; and conclusory allegations of retaliatory motive are insufficient. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988) (dismissing as frivolous a prisoner's conclusory allegations that a prison official's action was taken in retaliation for the prisoner's prior complaints).

### St. Bernard Parish Sheriff Jack Stephens, Warden Mowers, and Captain Buras

Defendants Stephens, Mowers, and Buras have not yet filed a response in this proceeding. Accordingly, undersigned makes no recommendation concerning plaintiff's claims against those defendants at this time. The claims against Stephens, Mowers, and Buras remain under referral and will be considered at a later date once those defendants have filed answers or dispositive motions.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** the motion to dismiss filed by Plaquemines Parish Sheriff I.F. Hingle and Warden Orbon Tinson be **GRANTED** and that the claims against those defendants be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of May, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**